IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BRUNZSWICK JONES | § | |
| v. | § | CIVIL ACTION NO. 6:23cv14 |
| OFFICER JOSHUA AMES, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff Brunzswick Jones, an inmate currently confined in the Henderson County Jail proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Plaintiff's amended complaint names as Defendants City of Athens police officer Joshua Ames, Henderson County Sheriff Botie Hillhouse, the chief of police for the City of Athens, a nurse in the Henderson County Jail identified as Tera, and the jail nursing supervisor identified as Amanda.

**I. The Plaintiff's Amended Complaint**

Plaintiff's amended complaint (docket no. 7) is the operative pleading in the case. Plaintiff states that on November 11, 2022, at 4:15 a.m., at the intersection of Pinkerton Street and Jonathan Street in Athens, Texas, Officer Ames subjected him to a prolonged traffic stop based upon discrimination and racial profiling. He says that his vehicle was unlawfully searched, he was illegally detained and falsely arrested, and questioned without being given Miranda warnings. He also says that the questioning was done while he was under the influence of psychiatric medications called Zoloft and hyrolazine. As a result, he was placed in the Henderson County Jail, where he remains.

Plaintiff asserts that the Athens police chief and Sheriff Botie Hillhouse are liable for their negligence in failing to properly train officers not to engage in racial profiling, illegally detain persons, or conduct unlawful searches.

Turning to his claims against the nurses, Plaintiff contends that on January 4, 2023, Nurse Tera refused to provide his mental health medication of hydrolazine. He also complains that Nurse Tera humiliated him and exposed him to insult and injury in some unspecified way. Plaintiff states that "the medical defendants" overcharged him for medication and that a nurse named Kamashia, who does not appear to have been named as a defendant, refused his medications and called him bad names on December 10 and December 11, 2022. He asserts that the nursing supervisor failed to train her subordinates.

## II. Discussion

Plaintiff raises two separate and distinct categories of claims in his lawsuit. He complains of the circumstances of his stop and arrest, and of the medical care which he has received in the Henderson County Jail. Fed. R. Civ. P. 18(a) permits a party to join as many legal or equitable claims which he may have against an opposing party, and Rule 20 allows the joinder of defendants if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences, and any question of law or fact common to all defendants will arise in the case. The Seventh Circuit has explained as follows:

> The controlling principle appears in Fed. R. Civ. P. 18(a):"A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50–claim, 24–defendant suit produced but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); *see also* Patton v. Jefferson Corr. Ctr., 136 F.3d 458, 464 (5th Cir. 1998) ("We doubt that Congress intended that § 1915(g) could be so facilely circumvented by the creative joinder of actions."); Bonner v. Bosworth, No. 3:10-CV-2150-O-BH, 2010 WL 11534476, at *1–2 (N.D. Tex. Nov. 30, 2010), *report and recommendation adopted*, No. 3:10-CV-2150-O-BH, 2011 WL 13199228 (N.D. Tex. May 2, 2011) ("requiring parties to assert unrelated claims against different defendants in separate complaints avoids unduly cumbersome litigation, and in the context of prisoner litigation, ensures that prisoners pay the required filing fees under the Prison Litigation Reform Act.").

Fed. R. Civ. P. 21 allows the district court to "at any time, on just terms, add or drop a party. The court may also sever any claim against a party." *See* Applewhite v. Reichhold Chemicals, Inc., 67 F.3d 571, 574 (5th Cir. 1995).

In the present case, Plaintiff's primary claim appears to concern the circumstances of his stop and arrest. Henderson County court records show that Plaintiff is currently charged with possession of a controlled substance in Penalty Group 3 of less than 28 grams in cause no. 2023-0137CCL2, and possession of less than two ounces of marijuana in cause no. 2023-0138CCL2, both pending in County Court at Law No. 2 in Henderson County. The dates of the incidents are listed as November 11, 2022, the date of Plaintiff's stop and arrest.

Plaintiff's civil rights claims concerning the legality of his stop and arrest and the search of his vehicle could implicate his pending criminal prosecution. In such cases, the federal court cannot proceed with the pending civil rights lawsuit, but should stay the civil case until such time as the criminal charges are resolved. Lewis v. Beddingfield, 30 F.3d 123, 124 (5th Cir. 1994).

Plaintiff's claims concerning his medical care are wholly unrelated to his claims concerning his stop, arrest, and search, and thus do not implicate his criminal prosecution. While these claims may therefore proceed at this time, their lack of relation to the other claims in his case renders them amenable to severance under Rule 21. *See* United States v. O'Neil, 709 F.2d 361, 369 (5th Cir. 1983) (noting that under Rule 21, any claim against a party may be severed and proceeded with

separately). This is particularly relevant in prisoner litigation, as noted above, where the courts are reluctant to allow prisoners to evade filing fee requirements by filing lawsuits containing multiple unrelated claims against defendants. Plaintiff's medical claims should be severed out into a separate action, which may proceed separately, while his claims concerning his arrest, stop, and search should be stayed until his criminal cases are resolved.

## RECOMMENDATION

It is accordingly recommended that the Plaintiff's claims concerning his medical care at the Henderson County jail be severed into a separate lawsuit under a new case number. Such claims should no longer be a part of the present case, and Nurse Tera and Nurse Amanda should be dismissed as defendants in the present case. It is further recommended that the present case be administratively closed and placed upon an inactive docket by the Clerk, subject to reopening upon further order of the Court. When the Plaintiff's trial or trials on the pending state criminal charges have been concluded, or these charges have otherwise been finally disposed of, he may request that this civil lawsuit be reopened and placed upon the active docket.

It is further recommended that the Plaintiff be directed to file status reports every 60 days regarding the status of his criminal cases. He should notify the Court within 20 days after his criminal cases have been concluded to advise the Court of the outcome of these cases. It is further recommended that the Clerk be directed not to accept any motions or other documents for filing in this cause other than the Plaintiff's status reports, a motion to reopen, a change of address, a notice of voluntary dismissal of some or all of the claims, or a notice of appeal of the administrative closure of the case, should Plaintiff wish to appeal it. Any documents other than these should be returned unfiled by the Clerk. Finally, it is recommended that all pending motions in this cause be terminated pending reopening of the case.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See* Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge which are accepted and adopted by the district court except upon grounds of plain error. Duarte v. City of Lewisville, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 23rd day of March, 2023.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE